**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

PRAKASH PATTAR; TARSEM
PATTAR; and PK ENTERPRISE
OF CENTRAL FLORIDA, INC.,

      Plaintiffs,

v.                                            Case No. 6:16-cv-1015-Orl-37DAB

SECRETARY, DEPARTMENT OF
STATE; UNITED STATES
AMBASSADOR TO UNITED
KINGDOM; DEPUTY CHIEF OF
MISSION, UNITED KINGDOM;
OFFICER, NON-IMMIGRANT VISA
UNIT; SECRETARY, DEPARTMENT
OF HOMELAND SECURITY;
DIRECTOR, FEDERAL BUREAU OF
INVESTIGATIONS; and U.S.
ATTORNEY GENERAL,

      Defendants.

**ORDER**

This cause is before the Court on the following:

1. Plaintiffs' Complaint for Issuance of Writ of Mandamus and/or Declaratory Judgment (Doc. 1), filed June 13, 2016;

2. Defendants' Motion to Dismiss and Incorporated Memorandum (Doc. 11), filed August 12, 2016;

3. Plaintiffs' Reply to Defendants' Motion to Dismiss for Lack of Subject-Matter Jurisdiction or Alternatively Plaintiffs' Motion [for] Leave to Amend (Doc. 12), filed August 26, 2016; and

4. Defendants' Reply Brief (Doc. 15), filed September 21, 2016.

In the instant action, Plaintiffs challenge the revocation of their E-2 Visas by the U.S. Embassy in London ("**Embassy**"). (Doc. 1.) An E-2 Visa permits a nonimmigrant alien who is developing and directing an enterprise of which he is an investor to seek admission to the United States. *See* 8 U.S.C. § 1101(a)(15)(E)(i). Once an alien obtains this classification, a derivative E-2 Visa may also be issued to the alien's spouse. *See* 8 U.S.C. § 1101(a)(15)(E)(ii); 22 C.F.R. § 41.51(b)(3). The State Department and consular officers, in their discretion, are authorized to revoke an E-2 visa at any time. *See* 8 U.S.C. § 1201(i); *see also* 22 C.F.R. § 41.122(a).

Plaintiffs Prakash and Tarsem Pattar are married to each other and received E-2 Visas to operate PK Enterprise of Central Florida, Inc. ("**PK Enterprise**"). (Doc. 1, ¶ 1.) Prakash Pattar ("**Mrs. Pattar**") is a citizen of the United Kingdom and currently resides in Port Orange, Florida. (*Id.* ¶ 2.) She is the primary investor in PK Enterprise and develops and directs its business. (*Id.* ¶ 1.) Her husband, Tarsem Pattar ("**Mr. Pattar**"), is a citizen of India who held a derivative E-2 Visa and resides in the United Kingdom. (*Id.* ¶ 3.)

The Embassy issued Mrs. Pattar's most recent E-2 Visa on February 9, 2011. (*Id.* ¶ 20.) The Embassy also issued a derivative E-2 Visa to Mr. Pattar on September 23, 2014. (*Id.* ¶ 21.) On January 14, 2016, the Embassy notified Mr. and Mrs. Pattar that their E-2 Visas "ha[d] been revoked under . . . regulation 22 CFR § 41.122, based on information that became available after the visa[s] [were] issued" ("**Revocation**"). (Doc. 1-1, pp. 1–2.)

Plaintiffs filed this action on June 13, 2016, seeking a writ of mandamus. (Doc. 1.) Plaintiffs request that the Court: (1) declare Defendants' Revocation arbitrary, capricious, and an act of abuse under 5 U.S.C. § 706(1); and (2) compel Defendants to allow Mr. and

2

Mrs. Pattar an opportunity to explain why their E-2 Visas should not be revoked. (Doc. 1, p. 10.)

On August 12, 2016, Defendants moved to dismiss the Complaint for lack of subject matter jurisdiction. (Doc. 11 ("**MTD**").) Defendants contend that the Complaint should be dismissed on grounds that: (1) Mrs. Pattar's E-2 Visa would have expired on February 6, 2016 in any event, thus rendering the requested relief moot; (2) the doctrine of consular nonreviewability[1] prohibits the Court from exercising subject matter jurisdiction over this action; and (3) Mr. Pattar lacks standing to sue in this Court. (*Id.*) Plaintiffs counter that the action is not moot because: (1) Mrs. Pattar "was granted stay in the country through January 5, 2017"; and (2) the doctrine of consular nonreviewability is inapplicable. (Doc. 12.)

On September 16, 2016, Defendants sought leave to file a reply to address Plaintiffs' "mischaracterizations of fact and erroneous suggestions" regarding the applicable law. (Doc. 13.) The Court permitted Defendants to file a reply and requested that Defendants explain an apparent contradiction in dates set forth in the filings and appearing on Mrs. Pattar's E-2 Visa. (Doc. 14.) Specifically, the copy of Mrs. Pattar's E-2 Visa attached to the Complaint shows an expiration date of February 6, 2016. (*See* Doc. 1-2, p. 8.) However, the next page of the E-2 Visa indicates that Mrs. Pattar was admitted to the United States on January 6, 2015 through January 5, 2017. (*Id.* at p. 9; Doc. 12, p. 15.)

---

[1] The doctrine of consular nonreviewability provides that a consular officer's decision to issue or withhold a visa is not subject to judicial review. *See Kodra v. Dep't of State*, 903 F. Supp. 2d 1323, 1329 (M.D. Fla. 2012) (citing *De Castro v. Fairman*, 164 F. App'x 930, 933 (11th Cir. 2006))

In view of the parties' filings, the Court initially finds that Mr. Pattar lacks standing to pursue a claim for the requested relief. "Because standing is jurisdictional, a dismissal for lack of standing has the same effect as a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1)." *Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008). Attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms: facial attacks and factual attacks. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). "'Facial attacks on the complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [the] complaint are taken as true for the purposes of the motion." *Id.* at 1529. "Factual attacks, on the other hand, challenge the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* "Challenges to a party's standing is a factual attack on the district court's subject matter jurisdiction that requires the court to look beyond the four corners of the complaint." *Sierra Club*, 2015 WL 6814566, at *4 (citing *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1260–61 (11th Cir. 1997)).

An unadmitted, nonresident alien lacks standing to sue in United States courts. *See, e.g.*, *Kerry v. Din*, 135 S. Ct. 2128, 2131 (2015); *see also Berlin Democratic Club v. Rumsfeld*, 410 F. Supp. 144, 152 (D.D.C 1976) (citing *Johnson v. Eisentrager*, 339 U.S. 763, 776 (1950)). Here the face of the complaint shows that Mr. Pattar was not admitted to the United States at the time of the Revocation. (*See* Doc. 1, ¶ 3.) Because he lacks standing in this action, Mr. Pattar is due to be dismissed.

The Court also concludes that Mrs. Pattar's claim is due to be dismissed on the

basis of mootness. A federal court is one of limited jurisdiction, and it must only consider cases or controversies arising under Article III of the U.S. Constitution. The question of mootness is a threshold inquiry in every case and "must be resovle[d] before [a federal court] assumes jurisdiction." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971). Mootness arises when a district court's decision cannot affect the rights of the litigants in the case. *Rice*, 404 U.S. at 246.

In their reply, Defendants clarified that the two dates appearing on Mrs. Pattar's E-2 Visa separately pertained to the visa and an entry stamp. (Doc. 15, p. 2.) According to Defendants, the only relevant date here—February 6, 2016—pertains to the expiration of Mrs. Pattar's E-2 Visa. Meanwhile, the January 5, 2017 date reflects an entry stamp marked by Customs and Border Patrol. (*See id.*) While the entry stamp grants Mrs. Pattar permission to stay in this country until January 5, 2017, it does not affect the E-2 Visa's expiration date. (*See id.*)

Upon consideration, the Court finds Defendants' explanation regarding the expiration of Mrs. Pattar's E-2 Visa compelling. Indeed, absent the Revocation, her E-2 Visa would have expired on February 6, 2016—more than four months before Mrs. Pattar initiated the instant action. (Doc. 1-2, p. 8.)

In light of the foregoing, even if the Court were to grant Mrs. Pattar the relief requested, it does not have the power to resurrect her expired E-2 Visa. *See, e.g.*, *Ruston v. U.S. Dep't of State*, 29 F. Supp. 2d 518, 523 (E.D. Ark. 1998) (finding that the court lacked power to compel the State Department and Immigration and Naturalization Services to rescind revocation of a visa because such relief would, in effect, give a court power to issue visas, a power it does not have). In *Nyaga v. Ashcroft*, 323 F.3d 906, 913–

16 (11th Cir. 2003), the U.S. Court of Appeals for the Eleventh Circuit similarly held that a mandamus action seeking to compel Immigration and Naturalization Services to adjudicate the plaintiff's application for adjustment of status was moot because the underlying visa had expired. This binding precedent compels the same result here.

Because any relief granted by this Court would not affect Mrs. Pattar's rights, the action is due to be dismissed for mootness.[2] Consequently, the MTD is due to be granted.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendants' Motion to Dismiss and Incorporated Memorandum (Doc. 11), is **GRANTED**.
2. Plaintiffs' Complaint for Issuance of Writ of Mandamus and/or Declaratory Judgment (Doc. 1) is **DISMISSED WITH PREJUDICE**.
3. The Clerk is **DIRECTED** to terminate all pending motions and close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 27, 2016.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

---

[2] Plaintiffs, however, are not without redress. Indeed, nothing prohibits Mr. and Mrs. Pattar from reapplying for new E-2 Visas.